Littleton, Judge,
delivered the opinion of the court:
Plaintiff sues for the lump-sum payment of $500 for each year of his active service in the Air Corps under the provisions of section 6 of the Act of June 3, 1941 (55 Stat. 240, 10 U.S. C. 300a (1946).
Plaintiff was appointed a second lieutenant in the Field Artillery Reserve on June 1, 1937. He entered upon extended active duty on January 20, 1941, under his Field Artillery Reserve commission and served on active duty until May 12,1946. Prior to plaintiff’s entrance upon active duty, he had obtained a commercial pilot’s license for single engine, land-type aircraft.
On December 13, 1941, the Secretary of War issued a directive which suspended all transfers between the various sections of the Officers’ Reserve Corps. After this directive was in effect and on March 25, 1942, plaintiff requested a transfer from the Field Artillery Reserve to the Army Air Corps Reserve. On April 13, 1942, the plaintiff was detailed to duty with the Air Corps at Nashville, Tennessee. Thereafter plaintiff served with the Army Air Corps until his release from active duty on February 1, 1946, and was on terminal leave status until May 12, 1946. While plaintiff was serving on duty with the Air Corps, he was rated as a service pilot and served as a flying officer both in the United States and the overseas theatres of war of North Africa, the Mediterranean and Italy.
Plaintiff contends that under the provisions of section 6, Act of June 3,1941, he was an Air Corps Reserve officer on active duty who had not been selected for commission in the Regular Army prior to his release from active duty and is therefore entitled to payment of $500 for each year he served on active duty.
The question presented is whether plaintiff was transferred to the Air Corps Reserve from, the Field Artillery Reserve, thereby making him eligible for the lump-sum payments at the time of his release from active duty.
Section 6 of the Act of June 3, 1941 (55 Stat. 240, 10 U. S. C. 300a (1946)), provides as follows:
*713 Whenever any Air Corps Reserve officer who has not been selected for commission in the Regular Army is released from active duty that has been continuous for one or more years, he shall be paid a Imnp sum of $500 for each complete year of active service as such officer, and if released from active duty otherwise than upon his own request, or as a result of inefficient or unsatisfactory service as determined by the Secretary of War, such lump-sum payment shall be prorated for fractional parts of each year of such active service. The lump-sum payments herein authorized shall be in addition to any pay, allowances, compensation, or benefits which such officers may otherwise be entitled to receive. [Italics supplied.]
In order for plaintiff to be eligible for the lump-sum payments provided by the statute, it would be necessary for us to hold that plaintiff was transferred from the Field Artillery Reserve to the Air Corps Reserve on April 13, 1942, so that plaintiff would be an Air Corps Reserve officer when he was relieved from active duty on February 1, 1946, and therefore entitled to the lump-sum payments.
Plaintiff was commissioned as an officer in the Field Artillery Reserve. He remained a Field Artillery Reserve officer until his release from active duty unless he was transferred to the Air Corps Reserve while serving on active duty. Plaintiff says that paragraph 13 of War Department Special Orders No. 95, dated April 13, 1942,[1] in fact transferred him from the Field Artillery to the Air Corps Reserve. We are of the opinion that plaintiff was not transferred from the Field Artillery to the Air Corps.
*714 A War Department directive of December 13, 1941,[2] expressly prohibited, with certain exceptions, all transfers between sections of the Officers’ Reserve Corps. Plaintiff did not come within any of the exceptions. A subsequent War Department directive of March 26, 1943,[3] continued the prohibition on transfers between sections of the Officers’ Reserve Corps. The War Department directive of December 13, 1941, suspended transfers indefinitely but paragraph 2 allowed the assignment of reserve officers to branches other than the branch in which they were commissioned. In our opinion the Special Orders No. 95, dated April 13,1942, did no more than to detail the plaintiff to duty with the Air Corps.
The orders stated that plaintiff was detailed in or assigned to duty with the Air Corps. This order did not effect a change in the plaintiff’s basic branch, which was the Field Artillery Reserve. Plaintiff’s prior commission in the Field Artillery Reserve was not terminated by Special Orders No. 95, or by any other order. Transfer orders expressly state that the officer is being transferred from one branch of the Army to another branch of the Army. A “transfer” is the permanent assignment of an officer in a new branch concurrent with a permanent relief from an assignment in the old branch. “Detailed” means a tempo *715 rary shift of a commissioned officer to another arm or service without effecting a change in the officer’s basic branch. Permanent changes in an officer’s basic branch of the Army can be effected only by a transfer.
*714 “a. Current graduates of pilot and non-pilot flying courses of tbe Army Air Corps wbo are qualified and recommended for ratings or assignments which would involve increased' pay, may be transferred to the Air Corps Reserve.
*715 Military orders issued to plaintiff subsequent to his detail to duty with the Air Corps used the designation “AC” or “AAF” in reference to plaintiff. The use of these designations was erroneous although reserve officers on duty with the Air Corps often used them. It cannot be said that the erroneous use of the designation “AC” or “AAF” effected a transfer of the plaintiff into the Air Corps Reserve.
When plaintiff was relieved from active duty on February 1, 1946, his basic branch, service or component was still the Field Artillery Reserve. The plaintiff served on active duty as a Field Artillery Reserve officer detailed to duty with the Air Corps. We think it is clear from the Act of June 3, supra, and the directive of December 13, that Field Artillery Reserve officers who were only detailed to duty with the Air Corps and not transferred thereto are not entitled to the lump-sum payments. Only Air Corps Reserve officers who served on active duty with the Air Corps are entitled to these payments under the provisions of this statute.
The plaintiff’s petition is dismissed.
It is so ordered.
Laramore, Judge; Madden, Judge; Whitaker, Judge; and Jones, Chief Judge, concur.
FINDINGS OF FACT
The court having considered the evidence, the report of Commissioner William E. Day, and the briefs and argument of counsel, makes findings of fact as follows:
1. Section 6 of the Act of June 3, 1941 (55 Stat. 240; 10 U. S. C. 300a), provides as follows:
* * * * *
Whenever any Air Corps Reserve officer who has not been selected for commission in the Regular Army is released from active duty that has been continuous for one or more years, he shall be paid a lump sum of $500 *716 for each, complete year of active service as such officer, and if released from active duty otherwise than upon his own request, or as a result of inefficient or unsatisfactory service as determined by the Secretary of War, such lump-sum payment shall be prorated for fractional parts of each year of such active service. The lump-sum payments herein authorized shall be in addition to any pay, allowances, compensation, or benefits which such officers may otherwise be entitled to receive. [Italics supplied.]
Plaintiff sues for a lump-sum payment of $2,041.67 on the basis of a little more than four years’ continuous service from April 13,1942, to May 12, 1946, at the rate of $500 for each year. The parties have stipulated that the amount referred to above is the proper amount for that period in event of recovery by the plaintiff in this action.
2. Plaintiff’s Army service goes back to 1937. Plaintiff received an original appointment as a second lieutenant, Field-Artillery Reserve, on May 31, 1937, and he accepted the appointment on June 1, 1937. He was assigned service number 0-352511. He was promoted to first lieutenant (permanent), Field Artillery, on July 17, 1940. He was promoted to captain (temporary), Army of the United States (AUS), on April 8, 1942, with rank from February 1,1942, and he accepted such appointment on April 13,1942.
The order promoting plaintiff to captain reads as follows:
WAR DEPARTMENT
The AdjutaNT General’s Oeeice
WASHINGTON
In Reply Reeer To :
AG 201 Johnston, James Eston April 8,1942
(4-8-42) RF LWD-SWM-1440
Subject :
Promotion February 1,1942
THROUGH: B
Commanding General, Fourth Corps Area, Atlanta, Georgia.
Captain AUS
C
To: February 1,1942
1st Lt. James Eston Johnston, FA-Res (0-352511)
*717 1. By direction of the President you have been temporarily promoted, effective on the date shown after A above, to the grade and section in the Army of the United States as shown after B above. This promotion unless sooner terminated, will terminate automatically upon your relief from active federal service, at which time you will revert to your present status.
2. A form for oath of office is inclosed herewith for prompt completion and return to the agency from which it was received by you, provided you have not already executed and forwarded the required oath of office. The execution and return of the required oath of office as indicated constitute an acceptance of this promotion. No other evidence of acceptance is required. Do not radio or telegraph acceptance.
3. This letter should be retained by you as evidence of your promotion as no commissions will be issued during the period of the war.
4. You will rank from the date shown after C above.
Bx ORDER OE THE SECRETARY OF WAR!
(S) J.A.ÜLIO,
Major General,

The Adjutant General.

Incl.:
Form for oath.
Copy to:
C. G., Army Ground Forces (FA).
The plaintiff signed the oath of office on April 13, 1942, and in his own handwriting indicated his rank as “Capt.” and his organization or arm or service to be “F. A.”, the abbreviation for Field Artillery.
Plaintiff was promoted to major (temporary), Army of the United States (AUS), on March 18,1943.
The order promoting plaintiff to major reads as follows:
Special Orders 1 War Department,
No. 77 } Washington, 18 Mar, 191$.
EXTRACT
Par. 15. Announcement is made of the temp promotion of the following named officers to the grades indicated in the AUS with rank fr date of this order under the provisions of sec 127a NDA as amended:
Capt to Maj
James. Eston. Johnston 0352511 AUS
*718 By order of the Secretary of War :
W. B. Lewis,

Brigadier General, Acting the Adjutant General.

Q-. C. Marshall,

Chief of Staff.

Official:
J. A. Ulio,
Major Generad,

The Adjutant General.

The words “under the provisions of sec 127a NDA as amended” were lined through by hand.
Plaintiff was promoted to lieutenant colonel (temporary), Army of the United States (AUS), on September 21, 1944.
Plaintiff entered upon extended active duty under his Field Artillery Reserve commission on January 20, 1941. From 1937 to plaintiff’s entry on extended active duty on January 20,1941, plaintiff had pursued civilian flying training and had obtained a commercial license for single engine, land-type aircraft.
3. On March 25, 1942, plaintiff was on extended active duty under his Field Artillery Reserve commission. On that day, he applied in writing for transfer from the Field Artillery Reserve to the Army Air Corps Reserve. The Field Artillery was one branch, section or component of the Army, and the Air Corps was another branch, section or component of the Army. These terms are used interchangeably in the Army.
The basic branch of an officer of the Regular Army, National Guard of the United States, or Officers’ Reserve Corps is the arm or service in which originally commissioned or to which subsequently transferred.
A “transfer” is a permanent assignment to an arm of service concurrent with relief from permanent assignment to another arm or service. A transfer effects a change in an officer’s basic branch.
“Detail” is a temporary shift to another arm or service without effecting a change in the officer’s basic branch.
*719 4. On December 13,1941, the following directive was issued by order of the Secretary of War:
WAR DEPARTMENT
The AdjutaNt General’s Office WASHINGTON
December 13, 1941.
In Reply Refer to:
AG 210.31 ORC (12-11-41) RP-A Subject :
Suspension of transfers between the sections of the Officers’ Reserve Corps
To:
Each Corps Area and Department Commander, each Chief of Arm and Service, each Army Commander, and Chief of the Army Air Forces
1. All transfers between sections of the Officers’ Reserve Corps are suspended, except that:
a. Current graduates of pilot and non-pilot flying courses of the Army Air Corps who are qualified and recommended for ratings or assignments which would involve increased pay, may be transferred to the Air Corps Reserve.
b. Officers selected for appointment in the Regular Army may be transferred to such sections as may be required to qualify them legally for such appointment.
c. Officers may be transferred to the Inactive Reserve.
2. Reserve officers may continue to be assigned to duty with branches other than that in which commissioned, under current War Department instructions.
By order of the Secretary of War :
E. S. Adams,
Major General,

The Adjutant General.

Copies furnished:
Office of the Secretary of War
Office of the Under Secretary of War
Office of the Assistant Secretary of War for Air
Office of the Assistant Secretary of War
Secretary, General Staff
*720 Executive for Reserve and ROTC Affairs
A. C. S., G-l, G-2, G-3, G-4
War Plans Division
Commandant, Army Industrial College
G. H. Q., Army War College
C. G., Air Force Combat Command
C. G., First, Second, Third, and Fourth Air Forces
Chief of the Armored Force
After December 13, 1941, the transfer of reserve officers from the Field Artillery to the Air Corps was prohibited, unless officers seeking such transfer fell within one of the exceptions listed in the directive of December 13,1941, from the Secretary of War. This was the established policy of the Army. As a matter of Army policy, all applications for transfer to the Air Corps, unless they fell within the exceptions listed in the directive of December 13, 1941, were treated as applications for assignment for duty with the Air Corps. Being assigned to duty with the Air Corps, or detailed for duty with the Air Corps did not change the basic branch, section or component of an officer. Plaintiff’s application for transfer to the Air Corps dated March 22, 1942 was, in accordance with established policy, treated as an application for assignment to duty with the Air Corps.
5. On April 7, 1942, Headquarters, First Army Corps, Columbia, South Carolina, sent the following telegram to the Commandant, Carolina Maneuver Area, Fort Jackson, South Carolina:
NET OX 3 V 4QT GR 39
HQ I AEMT CORPS COLUMBIA SC APRIL 7 1942 1109A
COMMANDANT
CAROLINA MANEUVER AREA
FT JACKSON SC
War Dept contemplates relieving 1st Lt James E. Johnston 0352511 FA from duty with First Army Claims Board Ft Jackson SC and assigning him Army Air Forces Nashville. Wire comment of concurrence and earliest practicable date of release.
Conwat.
*721 6. On April 13,1942, plaintiff was a captain in the Army of the United States (AUS) and a first lieutenant in the Field Artillery Reserve. Plaintiff was assigned to duty with the Air Corps on April 13, 1942, by Special Orders No. 95 which read as follows:
WAR DEPARTMENT
WASHINGTON
Special Orders 13 April 1942. No. 95
EXTRACT
13. Following changes in assignments and duties are directed.
WP. TDN. TP A. DA- 211-0805 P 170-06, 170-07 A 0021-13

(S. O. 95,13 April 1942)
By ORDER OE THE SECRETARY OP War :
G. C. Marshall,
Official : Chief of Staff.
J. A. Ulio,
Major General,
The Adjutant General.
The abbreviations set forth in Special Orders No. 95 above have the following meanings:
FA Field Artillery
Reid fr relieved from
Det or asgd detailed in or assigned to to
DP duty with By direction of the President duty with AC Air Corps
7. On March 26, 1943, the following directive was issued by the War Department:
*722 WAR DEPARTMENT
HEADQUARTERS OE THE ARMX AlR FORCES
WASHINGTON
(AFAAP)
March 26,1943.
Subject:
Air Corps Reserve officers.
To:
Commanding Generals,
All Air Forces
All independent Army Air Forces commands. Commandant,
Army Air Forces School of Applied Tactics. Commanding Officers,
All Army Air Forces stations.
(In continental United States.)
1. Letter, AG 210.1(3-19-43) PR-A, March 22,1943, subject as above, is repeated for the information and guidance of all concerned.
“Effective immediately and for the duration of the war, no officer will be appointed in or transferred to the Air Corps Reserve except individuals who were appointed or enlisted as aviation cadets prior to July 8, 1942, and who were subsequently qualified and recommended for appointment in the Air Corps Reserve in accordance with existing instructions.”
2._ In the case of those who enlisted in the Air Corps Enlisted Reserve Corps for the purpose of taking aviation cadet training, the date on which they were subsequently appointed as aviation cadets will determine their eligibility for appointment in or transfer to the Air Corps Officers’ Reserve Corps.
By COMMAND OP GENERAL ARNOLD:
(S) Fred C. Milner,
Fred C. Milner,
Colonel, A. G. D.,

Air Adjutant General.

Distribution :
As indicated,
plus Hq. Offices.
3-3249, AF
8. On June 28, 1945, War Department Circular No. 194 was issued. It provided in pertinent part as follows:
*723 II — OfficeRS.—3. At the time of issuance of orders for relief from active duty all officers in the Army of the United States will be offered appointments in the Officers’ Reserve Corps for an initial period of 5 years in the highest grade held at the time of relief from active duty subject to the following provisions:
jfs ❖ Hs ifc *
5. Appointments in the Officers’ Reserve Corps under the provisions of this circular will be governed by the folio wing:
a. Officers who hold only a temporary appointment in the Army of the United States, or temporary officers who also hold an appointment in the Officers’ Reserve Corps, may be appointed or reappointed and commissioned in the Officers’ Reserve Corps for a period of 5 years without vacating their temporary appointments in the Army of the United States and without depriving such officers of their terminal leaves which they might otherwise be entitled to receive.
* * * St St
7. The following statement of policy governing the section in which officers will be appointed under the provisions of this circular is furnished:
a. General officers, * * *
b. Officers, other than general officers, will be appointed in the highest grade held on relief from active duty in a section of the Officers’ Reserve Corps listed in c below, under the following restrictions and conditions :
(1) Officers holding appointments in the—
(a) Adjutant General’s Department,
(b) Chaplains’ Corps,
(c) Finance Department,
(d) Judge Advocate General’s Department,
(e) Medical Department,
sections will be appointed only in that section in which commission or appointment is held. Those who hold no appointment in any branch and whose only duty was in one of the services listed in this subparagraph will be appointed in the section with which they have served.
(2) Officers not included in (1) above, who served with an arm or service, will be given the option of accepting appointment in the arm or service with which they had actual service or in the section, if any, in which they hold a commis *724 sion in the Officers’ Eeserve Corps or the_ National Guard of the United States. Officers who have served with the Army Air Forces may elect Air Corps Eeserve.
(3) Officers not included in (1) or (2) above, who served in branch immaterial positions such as General Staff, Inspector General’s Department, Information and Education Division, Special'Services Division, or in similar assignments, may elect appointment in the Staff and Administrative Eeserve; in an arm or service, if any, with which they had actual service; or in the section, if any, in which they hold appointments in the Officers’ Eeserve Corps or the National Guard of the United States.
(4) Branch immaterial officers (without basic arm or service), who served in branch immaterial positions only, will be appointed in the Staff and Administrative Eeserve.
(5) The exceptional cases will be decided by the commanding officer of the separation center.
(6) It is contemplated that transfers between sections will be provided for by regulations in the postwar Officers’ Eeserve Corps.
o. Officers will be appointed only in the appropriate section specified below:
(1) Adjutant General’s Department Eeserve.
(2) Air Corps Eeserve.
(3) Armor Eeserve.
4)Cavalry Eeserve.
5)Chaplain Eeserve.
6)Chemical Warfare Service Eeserve.
(7) Coast Artillery Corps Reserve.
8) Corps of Engineers Eeserve.
9) Corps of Military Police Eeserve.
(10)Field Artillery Eeserve.
(11)Finance Department Eeserve.
(12)Infantry Eeserve.
(13)Judge Advocate General’s Department Ee-serve.
(14)Medical Department Eeserve.
(a) Dental Corps Eeserve.
(5) Medical Administrative Corps Ee-serve.
. (e) Medical Corps Eeserve (male officers only).
(d) Pharmacy Corps Eeserve.
(e) Sanitary Corps Eeserve.
*725 _ (/) Veterinary Corps Eeserve.
_ (15 ) Military Intelligence Reserve.
Ordnance Department Reserve.
17)Quartermaster Corps Reserve.
18)Signal Corps Reserve.
19)Staff and Administrative Reserve.
20)Transportation Corps Reserve.
This Circular No. 194 remained in effect until the Air Forces became autonomous, and was in effect on February 1, 1946.
9.Plaintiff was relieved from active duty on February 1, 1946. At that time plaintiff’s basic branch, service or component was still Field Artillery and he was still serving on duty with the Air Corps under the assignment for duty with the Air Corps dated April 13, 1942. Paragraph 9 of Special Orders No. 27 dated February 1,1946, War Department, Washington, D. C., shows that plaintiff was relieved from active duty from the 501st Army Air Force Base Unit, Washington, D. C., on February 1,1946; that he was ordered to his home, 734 N. Highland Avenue, Atlanta, Georgia, Apartment No. 10; that he was given three days’ travel time effective February 1, 1946, and that he was given 98 days’ leave effective February 4,1946.
10.At the time of plaintiff’s relief from active duty on February 1, 1946, he was offered an appointment in the Officers’ Reserve Corps under War Department Circular 194 dated June 28, 1945, quoted in part in finding 8. Under Section n (2), plaintiff was given the option of accepting an appointment to a reserve commission in the Field Artillery Reserve, his basic component, or in the Air Corps Reserve, the component or service with which he had been serving. Plaintiff elected to accept an appointment in the Air Corps Reserve since he had been serving with the Air Corps or Army Air Forces since his assignment to duty with the Air Corps on April 13,1942.
11.On February 1, 1946, plaintiff was appointed a lieutenant colonel, Air Corps Reserve, and he accepted his appointment on February 1,1946. Acceptance by plaintiff of his appointment to Air Corps Reserve on February 1,1946, terminated his commission in Field Artillery. This was not a transfer to the Air Corps Reserve but a new appointment in the Air Corps Reserve under Circular 194 dated June 28, *726 1945. On February 1, 1946, the following letter was sent to plaintiff from Headquarters, Military District of Washington :
1 February 1946.
Subject :
Appointment under A. Lt. Colonel — A. C.
Section 37, National
Defense Act, as amended.
To:
Lt. Col. James Eston B. 0-352511
Johnston
Apt. 10 734 N. Highland Avenue
Atlanta, Ga.
1.. The Secretary of War has directed me to inform you that by direction of the President, you are appointed m the Officers’ Reserve Corps, Army of the United States, effective this date, in the grade and section shown after A above. Your serial number is shown after B above.
2. You will not perform the duties of an officer under this appointment until specifically so directed by competent orders.
3. Your commission will be forwarded to you by the War Department.
4. Whenever your permanent address is changed, it is important that you notify all concerned, using the inclosed Personal Report form.
By COMMAND OF BRIGADIER GENERAL YOUNG:
(s) John L. Carter,
John L, Carter,

Lt. Ool. Inf. Actg. Asst. Adj. Gen.

Inclosure:
Personal Report form.
12. Plaintiff was on terminal leave status from February 1,1946 to May 12,1946.
13. There is no evidence in the record of a transfer of the plaintiff from his basic branch, Field Artillery, to Air Corps Reserve. The plaintiff relies on the April 13, 1942 order referred to in finding 6 as a transfer order.
14. Only the Secretary of War, acting through the Adjutant General of the Army, was authorized to transfer an officer from one branch, section or component to another branch, section or component of the Army. The commanding generals of the various services in the Army and the *727 commanding generals in the field did not have this authority. The commanding generals of the field could recommend transfers from one branch, section or component to another branch, section or component. But such transfers, if not suspended by the War Department directive of December 13,1941, could only be made by the Secretary of War, acting through the Adjutant General of the Army.
15. The use of designation “AC” or “AAF” by a reserve officer assigned to duty or detailed in the Air Corps was erroneous, although reserve officers assigned to duty with the Air Corps often used these designations. The use of the erroneous designations did not constitute a transfer of plaintiff from Field Artillery Reserve to Air Corps Reserve, or to the Army Air Forces, or effect a transfer of plaintiff from Field Artillery Reserve to Air Corps Reserve or to the Army Air Forces.
16. The following orders pertaining to the plaintiff, James E. Johnston, were issued by the named headquarters during the period between April 13,1942, and May 12,1946:
(1.) Personnel Orders
No. 142 WaR Department
HEADQUARTERS OE THE ARMY AIR FORGES
Washington, Jwie 15, 191$.
EXTRACT
57. Captain James Eston Johnston, (0-352511), Army Air Force Reserve, is rated Service Pilot, under the provisions of Army Regulations 95-60, War Department, 1941, and paragraph 3 d, Army Air Forces Regulations 50-7, dated May 14, 1942.
58. Pursuant to authority contained in paragraph 2, Army Regulations 35-1480, dated November 21, 1932, the following-named officer, who holds an aeronautical rating, is hereby required to participate in regular and frequent aerial flights, at such times as he is called to active duty with the Army Air Forces, U. S. Army, under competent authority, and is authorized to participate in regular and frequent aerial flights while on an inactive status, in accordance with the provisions of paragraph 52, A. B. 95-15, dated April 21, 1930.
Captain James Eston Johnston, (0-352511), AAF Beserve.
*728 All orders in conflict with this order are revoked.
By command of Lieutenant General Arnold:
J. M. BevaNs, Colonel, Army Air Force.
Oeficial :
JOHN H. Wells,
Captain, Army Air Force,
Assistant Chief, Military Personnel Division.
(2.) S. O. HEADQUARTERS 4th FeRRXING Group No. 128 Domestic Worn, Ferrying CommaND MuNicipal Airport, Nashville, Tennessee
June 26, 1942.
* * * extract * * *
6. Under the provisions of AB, 210-10, Captain James E. Johnston, 0352511, AAF, is designated as Motor Vehicle Investigation Officer in addition to his other duties. * * *
‡ Jjt * * *
(3.) S. O.
No. 141 [Same Headquarters]
July 16,1942.
* * * EXTRACT * * *
4. Captain James E. Johnston, 0352511, AAF, is relieved from assignment 346th Air Base Headquarters and Air Base Squadron with duty as Administrative Inspector and assigned to the 8th Ferrying Squadron as Squadron Commander.
$ $ * $ ‡
(4.) S. O.
No. 276 [Same Headquarters]
December 4, 1942.
* * * extract * * *
22. UP AE 210-10, 1st Lt. Holt A. Pitts, 0109108, CMP, is in addition to his other duties, detailed to duty as Motor Vehicle Investigation Officer, vice Captain James E. Johnston, 0352511, AC, relieved.
*729 (5.) S. O.
No. 43 [Same Headquarters]
FEBRUARY 12,1943.
* * * EXTRACT * * *
9. Captain James E. Johnston, 0352511, AC (Adm) 8th Ferrying Squadron is relieved of such assignment and is assigned to the 346th Base Headquarters and Air Base Squadron and to duty as Base Executive Officer (primary duty).
$ ‡ $
(6.) S. O.
No. 61 [Same Headquarters]
March 2,1943.
* * * EXTRACT * * *
12. Under the provisions of Army Air Forces Regulation No. 50-7 * * * the following-named officers are appointed as members of a board * * *:
Captain James E. Johnston, 0352511, AC * * * £ *
(7.) S. O.
No. 68 [Same Headquarters]
March 9, 1943.
t ^ ‡ EXTRACT t ‡
24. Under the provisions of the Army Air Forces Regulation No. 50-7 * * * the following-named officers are appointed as members of a board * * *:
Captain James E. Johnston, 0352511, AC (P) 346th Base Headquarters and Air Base Squadron
sfc # # íj< sf:
(8.) S. O.
No. 71 [Same Headquarters]
March 12, 1943.
* * * EXTRACT * * *
29. The following-named officers are relieved of their present assignments or attachments and are assigned to *730 the 346th Base Headquarters and Airborne Squadron and will report to the Commanding Officer thereof for duty:
James E. Johnston, 0352511, AC
* * * * *
(9.) T. M.
No. 15 [Same Headquarters]
15 MARCH 1944.
* * * EXTRACT * * *
2. Major James E. Johnston, 0352511, AC (P) 93rd Ferrying Squadron is relieved of such assignment and is assigned to Headquarters 4th Ferrying Group and will repprt to the Commanding Officer thereof for duty.
* * * * *
(10.) s. o.
No. 75 [Same Headquarters]
15 March 1944.
* * * EXTRACT * * *
3. Major James E. Johnston, 0352511, AC (P) 93rd Ferrying Squadron, is relieved of his primary duty as Commanding Officer, 93rd Ferrying Squadron.
# • * * ‡ *
(11.) S. O.
No. 88 [Same Headquarters]
28 March 1944.
EXTRACT Xc * *
5. Under authority letters AAF 35-23 * * * dated 28 March 1944, Major James E. Johnston, 0352511, AC (P) Headquarters 4th Ferrying Group is relieved of duty and assignment at this station and is assigned to Headquarters NAFW ATC Casablanca and will proceed thereto.
(12.) S. O.
No. Ill
Army Air Forces
Headquarters North African WiNG Air Transport Command
20 April 1944.
*731 * * * EXTRACT * * *
1. VOCG 14 April 1944 * * * Major James E. Johnston, 0352511, AC, having reported this headquarters * * * is assigned Station #8, NAFW-ATC and will report to CO thereof for duty.
* * * * *
(13.) S. O.
No. 49 [Same Headquarters]
21 April 1944.
* * * EXTRACT * * *
2. Major James E. Johnston, 0352511, AC, having reported this Headquarters 20 April * * * is assigned this station for principal duty as Executive Officer. *****
(14.) S. O.
No. 127 [Same Headquarters]
6 Mat 1944.
* * * extract * * *
28. Major James E. Johnston, 0352511, AC, Station S8, NAFW-ATC, is relieved from duty and assignment erewith, assigned Station #14, NAFW-ATC, Naples, Italy, and will proceed thereto.
*****
(15.) S. 0.
No. 227 WAK DEPARTMENT,
’Washington, M September 19J±ff
* * * EXTRACT * * *
15. Anouncement is made of the temporary promotion of the following-named officers to the grades indicated in the Army of the United States with rank from date of this order:
Major to Lt. Colonel — James Eston Johnston 0352511 AC
Bt order op the Secretary op War :
G. C. Marshall,

Chief of Staff.

# * * * *
*732 (16.) S. O.
No. 272
United States Army Air Forces Headquarters European Division Air Transport Command
29 September 1945.
* * * EXTRACT * * *
3. Lt. Colonel James E. Johnston, 0352511, AC * *_* is relieved from assignment 1419th AAF Base Unit, is assigned to 1417th Base Unit and will proceed thereto * * *
* * * * *
(17.) S. O.
No. 260
Headquarters 1417th AAF Base Unit European Division, Air Transport Command
23 October 1945.
* * * extract * * *
6. Lt. Colonel James E. Johnston, 0352511, AC will proceed 501st AAF Base Unit, Headquarters ATC, Gravelly Point, Washington 25, D. C. * * *
* * * # *
(18.) S. O.
No. 262
Headquarters Air Transport Command 501st AAF Base Unit Office op the Commanding General
9 November 1945.
* * * extract * * *
13. Under authority of AAF Regulation 35-59 * * * Lt. Colonel James E. Johnston, 0-352511, A. C., is relieved from further TDY this headquarters * * * and is assigned to 501st AAF Base Unit, (Hq. ATC), Washington, D. C., for permament change of station.
* * # * #
(19.) S. O.
No. 2 [Same Headquarters]
Washington, D. C., 3 January 19JJ>.
*733 * * * EXTRACT * * *
8. Leave of absence is granted Lt. Col. James E. Johnston, 0-352511, A. C., for twenty-three days, effective on or about 7 January 1946.
Jfc ❖ $ ❖
CONCLUSION OF LAW
Upon the foregoing findings of fact, which are made a part of the judgment herein, the court concludes that as a matter of law the plaintiff is not entitled to recover, and the petition is therefore dismissed.

 “13. Following changes In assignments and duties are directed. * * *

 “1. All transfers between sections of tbe Officers’ Reserve Corps are suspended, except tbat:
“b. Officers selected for appointment In tbe Regular Army may be transferred to such sections as may be required to qualify them legally for such appointment.
“c. Officers may be transferred to the Inactive Reserve.
“2. Reserve officers may continue to be assigned to duty with branches other than that in which commissioned, under current War Department instructions.”

 “1. Letter, AG 210.1 (3-19-43) PR-A, March 22, 1948, subject as above, is repeated for the information and guidance of all concerned.
‘Effective immediately and for the duration of the war, no officer will be appointed in or transferred to the Air Corps Reserve except individuals who were appointed or enlisted as aviation cadets prior to July 8-, 1942, and who were subsequently qualified and recommended for appointment in the Air Corps Reserve in accordance with existing instructions.’
“2. In the case of those who enlisted in the Air Corps Enlisted Reserve Corps for the purpose of taking aviation cadet training, the Hate on which they were subsequently appointed as aviation cadets will determine their eligibility for appointment in or transfer to the Air Corps Officers’ Reserve Corps.”